UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
GERALD MULKIN,                           :   DOCKET NO. 3: 03 CV 901 (RNC)
                                         :
             Plaintiff,                :
                                         :
 -against-                               :
                                         :
ANIXTER, INC.,                           :
                                         :
             Defendant.                :
                                         :
                                         :   OCTOBER 22, 2003
---------------------------------------------------------------x

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      Defendant, Anixter, Inc. ("Anixter") respectfully submits this reply brief in support of its motion to dismiss Counts Two, Four, Five and Six of the plaintiff, Gerald Mulkin's Complaint.

I.     INTRODUCTION

      In his opposition to Anixter's motion to dismiss, the plaintiff, Gerald Mulkin, ("Plaintiff") fails to cure any of the deficiencies in his complaint. Specifically, as to Count Two, Plaintiff asserts in his opposition that he has not alleged a wrongful termination claim based on a violation of public policy, but instead has alleged a breach of contract claim based on a violation of company policy. (Pl.'s Opp. at p. 2.) However, Plaintiff has not alleged the existence of a contract with Anixter and therefore his claim must fail. As to his claims in Counts Four and Five, Plaintiff fails to allege any extreme and outrageous conduct by Anixter to support a claim for intentional infliction of emotional distress, and he fails to allege that Anixter engaged in any unreasonable conduct <u>in the termination context</u> to support his claim for negligent infliction of emotional distress. Finally, as to Count Six, Plaintiff's only opposition to Anixter's motion to

dismiss is that the question of whether self-defamation will be recognized by the Connecticut Supreme Court is expected to be decided by the Court this term. Plaintiff does not respond to Anixter's argument that even if the Court recognizes self-defamation as a valid concept under Connecticut law, Plaintiff still has failed to state a claim.

Therefore, Anixter's motion to dismiss Counts Two, Four, Five and Six should be granted.

II. ARGUMENT

A. Conclusory Allegations Alone Are Not Sufficient To Defeat A Motion To Dismiss.

Based on his opposition, it is clear that Plaintiff intends only to rely upon the conclusory allegations in his complaint. Yet, conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. Butler v. Castro, 896 F.2d 698, 700 (2d Cir. 1990). "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996). Moreover, although the pleading standard is a liberal one, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); see also Furlong v. Long Island College Hosp., 710 F.2d 922, 927 (2d Cir. 1983) (liberal pleading standard "does not permit conclusory statements to substitute for minimally sufficient factual allegations."). Therefore, Plaintiff cannot, as he has done, merely stand on his conclusory allegations to defeat Anixter's properly supported motion to dismiss.

B. Plaintiff Has Not Stated A Claim For Breach Of Contract.

In his opposition, Plaintiff asserts that he has not plead a claim for wrongful termination based on public policy, but rather, that Anixter "assumed" a progressive discipline policy from another company and that Anixter violated that other company's policy. (Pl.'s Opp. at pp. 1-2.)

Therefore, Plaintiff argues in his opposition papers that Anixter breached a contract with him. Whether that alleged contract is explicit or implied is not clear from the complaint or from Plaintiff's opposition. What is clear, however, is that Plaintiff has not properly plead in his complaint, nor could he plead, that Anixter had a contract with him; in fact, he does not even allege that he had a contract with this other company. Instead, Plaintiff relies on the broad and liberal statement that "all employment is a contract." (Pl.'s Opp. at p. 2.) However, Plaintiff has not properly alleged that a contract existed between himself and Anixter, and therefore, Count Two must also be dismissed.

Under Connecticut law, for a contract to exist, the parties' intention, manifested by their words and acts, are essential to determine whether a contract was entered into and what the terms of the contract were. Thompson v. Bridgeport Hosp., No. CV98352686, 2001 Conn. Super. Lexis 1755, at * 13 (Conn. Super. Ct. June 18, 2001) (citing Sloan v. Kubitsky, 48 Conn. App. 835, 839, 712 A.2d 966 (1998)).[1] The agreement must be definite and certain as to its terms and requirements. Id. (citation omitted.) In the absence of an express contract between the parties, which the Plaintiff here has not alleged, to plead a cause of action for a breach of a contract implied in fact, the Plaintiff must plead an actual agreement. Lettick v. Nationwide Mut. Ins. Co., No. 3:98cv1928 (AVC), 2000 U.S. Dist. Lexis 20476, at * 13 (D. Conn. Mar. 31, 2000), quoting Burnham v. Karl & Gelb, P.C., 50 Conn. App. 385, 388, 717 A.2d 811 (1998). Here, Plaintiff has simply alleged that Anixter failed to abide by another company's alleged policy.[2]

---

[1] All unreported decisions cited herein that were not previously attached to Anixter's motion to dismiss are attached hereto as Exhibit A.

[2] While Plaintiff has alleged that Anixter "assumed" this alleged policy, he has not alleged with any specificity how Anixter assumed the policy or in any way manifested its intent to contractually bound by it.

      C.     <u>Plaintiff's Intentional Infliction Of Emotional Distress Claim Must Be Dismissed For Failure to State a Claim.</u>

In opposing the motion to dismiss his intentional infliction of emotional distress claim, Plaintiff merely asserts that "the matter and motive of the termination were mischaracterizations" and therefore, the motion to dismiss should be denied. (Pl.'s Opp. at p. 3.) However, an employer's motive is not a factor for this court to consider in deciding this motion. Even where a termination is unlawfully motivated, a claim for intentional infliction of emotional distress cannot withstand a motion to dismiss absent an allegation of extreme and outrageous conduct. <u>Javier v. Engelhard Corp.</u>, No. 3:00-CV-2301, 2001 U.S. Dist. Lexis 17341, at * 15 (D. Conn. Oct. 1, 2001) ("The employment actions taken against [plaintiff] may have been unlawfully motivated but, by themselves, do not constitute extreme and outrageous behavior.").

In <u>Javier</u>, the plaintiff alleged that his employer had denied him training opportunities, failed to promote him and terminated his employment based, <u>inter</u> <u>alia</u>, on his race. On the basis of these factual allegations, this Court granted defendants' motion to dismiss the plaintiff's intentional infliction of emotional distress claim and held that, even accepting plaintiff's allegations as true, the defendants' conduct did not rise to the level of "extreme and outrageous." <u>Id.</u> at *17. In so holding, this Court noted that, "[w]hile such actions were no doubt hurtful to Javier, these actions do not, as a matter of law, support a claim for intentional [or negligent] infliction of emotional distress." <u>Id.</u> at *15.

Here, like the plaintiff in <u>Javier</u>, Plaintiff has failed to put forth allegations that rise to the stringent standard of "extreme and outrageous" conduct. At best, Plaintiff has alleged that his termination was unlawfully motivated and that he was humiliated. Plaintiff has not identified any specific conduct by Anixter that rises to the level of being extreme and outrageous. Rather,

Plaintiff's allegations state a general claim of discrimination which, standing alone, is not enough to survive a motion to dismiss. See White v. Martin, 23 F. Supp. 2d 203, 208 (D. Conn. 1998) (general allegations of discrimination, discipline, denial of promotion and harassment "fall short of misconduct which exceeds 'all bounds usually tolerated by a decent society.'"); (see also Def.'s Mot. at pp. 8-9.)

Moreover, the cases cited by Plaintiff in support of his argument are either factually distinguishable or do not support his legal argument.[3] In Casper v. Combustion Engineering, Inc. No., CV-97-0570516-S, 1998 Conn. Super. Lexis 1883 (Conn. Super. Ct. June 17, 1998) and Protasewich v. Combustion Engineering, Inc., No. CV-95-0552146-S, 1997 Conn. Super. Lexis 646 (Conn. Super. Ct. Mar. 3, 1997), two cases arising out of the same set of facts, the employees were subjected to conduct that the courts determined was extreme and outrageous. In both cases, the employees were forced to sign a false statement admitting to criminal acts, and then terminated based on the false statement they were forced to sign. The plaintiffs were locked in an interrogation room for several hours, when terminated they were escorted from the building by security personnel in full view of their co-workers, and the employer made a public statement to its employees and two newspapers that the defendants were terminated for improper business conduct. See Casper, 1998 Conn. Super. Lexis 1883, at * 4-5; Protasewich, 1997 Conn. Super. Lexis 646, at * 4-5.

Plaintiff has merely alleged that he was terminated for an improper reason and that his co-workers were informed of that reason. Clearly this does not rise to the same level of conduct

---

[3] In Protasewich v. Combustion Engineering, Inc. CV-95-0552146-S, 1997 Conn. Super. Lexis 646 (Conn. Super. Ct. Mar. 3, 1997), at *17-18, the court granted the motion to strike the plaintiff's intentional infliction of emotional distress claim because the plaintiff failed to allege any facts which would demonstrate he actually suffered emotional distress. Similarly, here

to which the plaintiffs in Casper and Protasewich were subjected. Here, Plaintiff has not alleged that he was escorted from the premises by security, or that he was interrogated for hours, or that any newspapers were informed of the reasons for his termination. Therefore, the Court should grant Anixter's motion to dismiss Plaintiff's intentional infliction of emotional distress claim. (See Def.'s Mot. at pp. 7-9.)

> D. Plaintiff's Claim For Negligent Infliction Of Emotional Distress Must Be Dismissed For Failure To State A Claim.

Plaintiff's opposition to Anixter's motion to dismiss the negligent infliction of emotional distress claim fails to address the fact that he has not plead unreasonable conduct during the termination process. A claim for negligent infliction of emotional distress in the employment context "arises only where it is based upon unreasonable conduct of the defendant in the termination process." Parsons v. United Techs. Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997) (emphasis added) (citations and internal quotation marks omitted).[4]

Plaintiff relies solely upon his argument that Anixter fabricated a reason for his termination and publicly humiliated Plaintiff by announcing this to his fellow employees. (Pl.'s Opp. at p. 3.) Plaintiff makes no allegations that Anixter engaged in any unreasonable conduct during the termination process. Rather, Plaintiff claims only that the manner and motive of the termination were mischaracterizations. Termination based on an unlawful motive does not state a claim for negligent infliction of emotional distress. See Parsons Conn. at 88-89 ("The mere act

---

Plaintiff has failed to allege any facts that would demonstrate he has suffered any emotional distress and therefore, his claim should be dismissed.

[4] See also Hanna v. Infotech Contract Servs., No. 3:01CV680, 2003 U.S. Dist. Lexis 7056, at * 29 (D. Conn. Apr. 21, 2003) ("Conduct giving rise to a claim for negligent infliction of emotional distress must occur in the termination process."); but see Javier, 2001 U.S. Dist. Lexis 17341, at * 17 ("This court has recently held that claims of negligent infliction of emotional distress are not limited to conduct in the termination process.").

of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior."). "The issue in a claim for negligent infliction of emotional distress is the Defendant's conduct, not his intent. . . . Therefore, even if Defendant had a discriminatory motive . . . improper motivation alone is insufficient to satisfy the requirements of negligent infliction of emotional distress." Whitaker v. Haynes Constr. Co., 167 F. Supp. 2d 251, 256 (D. Conn. 2001).

Here, Plaintiff summarily asserts that the manner and motive behind his termination was improper. (Pl.'s Opp. at p. 3.) He provides nothing more than this blanket allegation to support his claim. Standing alone, this is not enough to defeat Anixter's properly supported motion to dismiss.[5] (See Def.'s Mot. at pp. 10-11.) Therefore, because Plaintiff has failed to allege any conduct by Anixter that was unreasonable during the termination process so as to state a claim, his negligent infliction of emotional distress claim should be dismissed. See Belanger v. Commerce Clearing House, 25 F. Supp. 2d 83, 85 (D. Conn. 1998) (granting motion to dismiss negligent infliction of emotional distress where the plaintiff did not allege any facts to support a claim that the defendant acted in an inconsiderate, humiliating or embarrassing manner during the process of her termination).

  E.  Plaintiff's Claim For Self- Defamation Must Be Dismissed For Failure to State a Claim.

Plaintiff's only opposition to Anixter's motion to dismiss Count Six of his complaint, the claim of defamation premised on the theory of compelled self-publication, is that Anixter's motion is premature. Plaintiff asserts that because the Connecticut Supreme Court has not yet

---

[5] Plaintiff relies upon the same cases to support his negligent infliction of emotional distress claim as his intentional infliction of emotional distress claim. (Pl.'s Opp. at p. 3.) As previously discussed, the cases relied upon by Plaintiff to support his argument that where an

ruled on whether a claim for defamation premised on a theory of self-defamation, Anixter's motion should be summarily denied. The Plaintiff is certainly correct that if the Connecticut Supreme Court finds there is no cause of action in Connecticut, the fate of his claim will be decided and his claim dismissed. However, Plaintiff fails to respond to Anixter's motion to dismiss, which assumes that such a theory is accepted under Connecticut law.

Even if self-defamation as a legal construct exists under Connecticut law, Plaintiff's claim must fail because he has not plead a cause of action for defamation. (See Def.'s Mot. at p. 12.) In the first instance, Plaintiff has failed to plead his self-defamation claim with any allegations as to what the defamatory statement was or what the defamatory statement is that Plaintiff has been forced to repeat. Rather, Plaintiff's only allegation to support his self-defamation claim is that his efforts to mitigate his damages have been limited because he has been compelled to state the reason given by Anixter for his termination, i.e that he was dishonest. (Compl. at ¶ 23; Compl,. Count Six.)

Moreover, Plaintiff has failed to oppose Anixter's motion that he has not plead the requisite elements for a self-defamation claim. (See Def.'s Mot. at p. 14.) Plaintiff cannot simply allege that he will be forced to repeat defamatory statements or that Anixter's statements have precluded him from finding employment, rather, Plaintiff must allege specific facts demonstrating actual republication. (See Def.'s Mot. at pp. 12-13.)

Here, Plaintiff has failed to oppose Anixter's motion on the merits and has not articulated any instances of republication. Instead, Plaintiff has made a conclusory allegation that he has been forced to defame himself, without providing any specific allegations of republication. By

---

employer is overzealous in its investigation of an employee are easily distinguishable from the case at hand. (See discussion infra.)

only providing a conclusory allegation, Plaintiff has failed to state a claim upon which relief may be granted and his claim for self-defamation should be dismissed.

III.     CONCLUSION

For all the foregoing reasons, this Court should dismiss Counts Two, Four, Five and Six, of the Complaint because Plaintiff has failed to state claims upon which relief may be granted.

                                DEFENDANT,
                                ANIXTER, INC.


By_____
    Kenneth W. Gage (ct 12965)
    Melissa L. Bellavia (ct 22319)
    Day, Berry & Howard LLP
    One Canterbury Green
    Stamford, CT  06901
    Telephone No. (203) 977-7300
    Facsimile No.   (203) 977-7301
    kwgage@dbh.com
    mlbellavia@dbh.com
    Its Attorneys

## **CERTIFICATION**

    THIS IS TO CERTIFY that, on October 22, 2003, a copy of the foregoing was sent via regular first class mail, postage prepaid, to:

Igor I. Sikorsky, Jr.
P.O. Box 38
121 Perry Street
Unionville, CT 06085

 

_____
Melissa L. Bellavia