UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*

2003 NOV 24  A 11: 31

US DISTRICT COURT
HARTFORD CT

--------------------------------------------------------x

GERALD MULKIN,                              :     DOCKET NO. 3:03-CV-901 (RNC)

                        Plaintiff,          :

    -against-                               :

ANIXTER, INC.,                              :

                        Defendant.          :

                                            :

                                            :     NOVEMBER 21, 2003

--------------------------------------------------------x

## JOINT STATUS REPORT

The Plaintiff, Gerald Mulkin ("Plaintiff"), and the Defendant, Anixter, Inc.

("Defendant"), by and through their counsel, jointly submit this Joint Status Report pursuant to

the Court's order dated August 27, 2003 and Federal Rule of Civil Procedure 16(c).

1.      The formulation and simplification of the issues, including the elimination of
frivolous claims or defenses.

RESPONSE:

Plaintiff voluntarily withdrew Count Three.  Defendant's motion to dismiss

Counts Two, Four, Five and Six of the Complaint is currently pending before the Court.

2.      The necessity or desirability of amendments to the pleadings.

RESPONSE:

At this time, neither party anticipates the need to amend the pleadings.  However,

Plaintiff reserves the right to amend the pleadings in response to Defendant's answer or ongoing

discovery.  Similarly, Defendant reserves the right to seek to join additional parties and to amend

71208346_1.DOC

any answer to the complaint in response to any amendments by Plaintiff or based upon

information learned through discovery.

Pursuant to the Court's scheduling order dated August 27, 2003, the Plaintiff must file his

motion to amend or join parties by November 30, 2003.

3.      The possibility of obtaining admissions of fact and of documents which will avoid
unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings
from the court on the admissibility of evidence.

RESPONSE:  At this time, it is too early to ascertain the possibility of obtaining

admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding

the authenticity of documents, and advance rulings from the court on the admissibility of

evidence.  However, as discovery progresses, the parties will endeavor to cooperate to obtain

admissions of fact and of documents.

4.      The avoidance of unnecessary proof and of cumulative evidence, and limitations
or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence.

RESPONSE:  At this time, it is too early to ascertain the avoidance of unnecessary proof

and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule

702 of the Federal Rules of Evidence.  However, as discovery progresses, the parties will

endeavor to cooperate to avoid unnecessary proof and of cumulative evidence.

5.      The appropriateness and timing of summary adjudication under Rule 56.

RESPONSE:  At this time, it is too early to ascertain whether summary adjudication

under Rule 56 is appropriate.  However, if Defendant determines summary adjudication is

appropriate on some or all of Plaintiff's claims, it intends to file a motion for summary judgment.

Defendant will request a prefiling conference before filing a dispositive motion by March 1,

2003, as is required pursuant to the Scheduling Order.

      6.    The control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 29 through 37.

      <u>RESPONSE</u>:  All discovery, including all discovery relating to expert witnesses, must be

completed (not propounded) by April 15, 2004.  Defendant intends to issue its first set of

discovery requests by November 21, 2003 and to notice Plaintiff's deposition for early January

2004.

      7.    The identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial.

      <u>RESPONSE</u>:  At this time, it is too early to identify witnesses and documents, the need

and schedule for filing and exchanging pretrial briefs, and the date or dates for further

conferences and for trial.

      8.    The advisability of referring matters to a magistrate judge or master.

      <u>RESPONSE</u>:  At this time, it is too early to ascertain the advisability of referring matters

to a magistrate judge or master.

      9.    Settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule.

RESPONSE:  At this time, it is too early to ascertain the possibility of settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule.  The parties have discussed settlement and believe that a settlement conference would be most productive after the parties have engaged in some discovery.

10.    The form and substance of the pretrial order.

RESPONSE:  At this time, it is too early to ascertain the form and substance of the pretrial order.

11.    The disposition of pending motions.

RESPONSE:  At this time Defendant's motion to dismiss Counts Two, Four, Five and Six of the Complaint is pending with the Court.

12.    The need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.

RESPONSE:  At this time, it is too early to ascertain the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.

13.    An order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case.

RESPONSE:  At this time, it is too early to ascertain whether an order for a separate trial

pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or

with respect to any particular issue in the case is necessary.

14.    An order directing a party or parties to present evidence early in the trial with
respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter
of law under Rule 50(a) or a judgment on partial findings under Rule 52(c).

RESPONSE:  At this time, it is too early to ascertain whether an order directing a party

or parties to present evidence early in the trial with respect to a manageable issue that could, on

the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on

partial findings under Rule 52(c) is necessary.

15.    An order establishing a reasonable limit on the time allowed for presenting
evidence.

RESPONSE:  At this time, it is too early to ascertain whether an order establishing a

reasonable limit on the time allowed for presenting evidence is necessary.

16.    Such other matters as may facilitate the just, speedy, and inexpensive disposition
of the action.

RESPONSE:  At this time, it is too early to ascertain what such matters may facilitate the

just, speedy, and inexpensive disposition of the action.

Respectfully submitted,


**COUNSEL FOR PLAINTIFF,**
Gerald Mulkin


By:     Igor I. Sikorsky, Jr. (ct 04233)
      P.O. Box 38
      Unionville, CT 06085
      Telephone No. (860) 675-5313
      Facsimile No. (860) 675-7104
      His Attorney


**COUNSEL FOR DEFENDANT,**
Anixter, Inc.


By:     Kenneth W. Gage (ct 12965)
      Melissa L. Bellavia (ct 22319)
      Day, Berry & Howard LLP
      One Canterbury Green
      Stamford, Connecticut 06901-2047
      Telephone No. (203) 977-7300
      Facsimile No. (203) 977-7301
      kwgage@dbh.com
      mlbellavia@dbh.com
      Its Attorneys

71200346_1.DOC