UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 11 A 10: 27

U.S. DISTRICT COURT
HARTFORD, CT.

GERALD MULKIN,  :
:
    Plaintiff,  :
:
V.  :  CASE NO. 3:03cv901 (RNC)
:
ANIXTER, INC.,  :
:
    Defendant.  :

RULING AND ORDER

Gerald Mulkin, a former salesman for defendant Anixter, Inc., brings this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., alleging that defendant fired him because of his age. In addition, his complaint attempts to allege claims under state law for breach of an implied contract,[1] intentional infliction of emotional distress, negligent infliction of emotional distress, compelled self-defamation, and wrongful withholding of earned commissions. Defendant has moved to dismiss all except the ADEA and wrongful withholding claims for failure to state a claim on which relief may be granted. See Fed. R. Civ. Proc. 12(b)(6). [Doc. # 12] For the reasons explained below, defendant's motion is granted in part and denied in part.

---

[1] Defendant initially understood this claim to be a claim for wrongful discharge in violation of public policy, but plaintiff has made it clear that what is asserted is a claim for termination in breach of an implied contract.

1

I. Facts

The complaint, construed most favorably to the plaintiff, alleges the following facts, which are assumed to be true for purposes of this ruling. In May 1998, plaintiff was hired by defendant's predecessor, PACER, as an outside salesman. PACER informed plaintiff that it had a progressive discipline policy entitling him to notice of any performance-related problems and an opportunity to improve. In June 2000, defendant purchased PACER and thereby assumed its contractual obligations.

Subsequently, an unnamed third party instructed defendant that it had to reduce its workforce by one. Defendant chose to fire plaintiff, who at sixty years of age was the company's oldest salesperson. Though his age was the real reason he was selected for discharge, defendant falsely told him that he was being terminated because one of his travel reports contained an incorrect entry. Defendant did not give plaintiff a warning and opportunity to improve. Defendant informed plaintiff's co-workers and members of the public that the reason for the firing was dishonesty.

II. Discussion

a.   Breach of Implied Contract

To prevail on his claim for breach of an implied contract, plaintiff must prove that PACER agreed, either by words or conduct, to a limitation on its right to terminate his employment. <u>Torosyan v. Boehringer Ingelheim Pharm., Inc.</u>, 234 Conn. 1, 15 (1995). Such an agreement may be based on an

employer's representations to the effect that the employee will not be terminated under certain circumstances or except for good cause or that employment will continue as long as certain conditions are met.  See Gaudio v. Griffin Health Servs. Corp., 249 Conn. 523, 537-38 (1999); Coehlo v. Posi-Seal Int'l, Inc., 208 Conn. 106, 113-14 (1988); Barry v. Posi-Seal Int'l, Inc., 36 Conn. App. 1, 5-7, cert. denied, 231 Conn. 942 (1994); see also Finley v. Aetna Life & Cas. Co., 202 Conn. 190, 200 (1987), overruled on other grounds by Curry v. Burns, 225 Conn. 782 (1993).  The existence of such an agreement "is a question of the intention of the parties, and an inference of fact." Torosyan, 234 Conn. at 15.

Plaintiff's allegations are sufficient to state a claim, although just barely.  He alleges: "PACER, in hiring [plaintiff], informed him of the existence of such a policy which would provide warnings to an employee of any problem conduct and allow an employee an opportunity to remedy any alleged breach of such conduct."  (Pl.'s Compl. ¶ 21.)  It is not clear beyond doubt that such a direct representation to plaintiff could not in any circumstance give rise to an implied agreement that his employment would not be terminated for making an error in a travel report unless he was first warned and given a chance to improve.  Cf. Reynolds v. Chrysler First Commer. Corp., 40 Conn. App. 725, 731-33, cert. denied, 237 Conn. 913 (1996) (employer's sustained use of progressive disciplinary measures did not give rise to an implied contract in the absence of any direct

3

representation by the employer to the employee).[2]

b.   Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, plaintiff must show: "(1) that the [defendant] intended to inflict emotional distress or that [it] knew or should have known that emotional distress was the likely result of [its] conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Bd. of Educ., 254 Conn. 205, 210 (2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 210-11.

Plaintiff's allegations do not satisfy these stringent requirements. He alleges that defendant seized on an error in a travel report as a pretext for firing him in violation of the ADEA, then falsely informed his co-workers and the public that the firing was in response to dishonesty. Significantly for purposes of this tort, he does not allege either that he did not make an improper entry in his travel report or that defendant knew the improper entry was unintentional. In the absence of

---

[2] If plaintiff can establish that an implied contract was formed, he can prevail on his claim if he also proves that defendant assumed PACER's contractual obligation.

4

such allegations, defendant's conduct cannot reasonably be characterized as so extreme and outrageous as to permit recovery. See Parsons v. United Techs. Corp., 243 Conn. 66, 89 (1997) ("The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior."); see also Huff v. West Haven Bd. of Educ., 10 F. Supp. 2d 117, 123 (1998) (allegations of racial discrimination in refusal to hire insufficient).

c.   Negligent Infliction of Emotional Distress

To prevail on a claim for negligent infliction of emotional distress, "plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Parsons, 243 Conn. at 88. The conduct must have occurred after the termination process began, not before. See Belanger v. Commerce Clearing House, Inc., 25 F. Supp. 2d 83, 84-85 (D. Conn. 1998); Parsons, 243 Conn. at 88; see also Perodeau v. City of Hartford, 259 Conn. 729, 763 (2002) (rejecting extension of cause of action to conduct occurring within a continuing employment context). An employer's wrongful motive for firing an employee cannot provide a basis for liability. See Belanger, 25 F. Supp. 2d at 84.[3] Rather, the focus must be on the manner in which the

---

[3] Though plaintiff attempts to distinguish defendant's conduct in offering a pretextual reason for terminating him from its discriminatory motive, this distinction has no support in the case law, which uniformly rejects discriminatory employment

5

termination is carried out.  Plaintiff can prevail if he establishes that defendant knew or should have known its conduct was likely to cause significant emotional distress, which could have been avoided if the termination was carried out in a reasonable manner.  See Cameron v. Saint Francis Hosp. & Med. Ctr., 56 F. Supp. 2d 235, 242 (D. Conn. 1999); Pavliscak v. Bridgeport Hosp., 48 Conn. App. 580, 598, cert. denied, 245 Conn. 911 (1998); Contois v. Carmen Anthony Rest. Group, L.L.C., 2001 WL 195396, *5 (Conn. Super. Feb. 2, 2001).

Plaintiff's allegations, construed most favorably to him, are sufficient to withstand the motion to dismiss.  He alleges that defendant needlessly publicized his firing, falsely stating that he was guilty of dishonesty, and thus publicly humiliated him, when it knew or should have known that this would cause him severe emotional distress.  If he is able to prove that defendant engaged in such unreasonable conduct during the termination process, or after the termination occurred, he may be able to recover.  Accordingly, he will be permitted to proceed on this claim.[4]

---

decisions, in isolation, as a basis for liability.  See Jones v. Gem Chevrolet, 166 F. Supp. 2d 647, 652 (D. Conn. 2001).

[4] It might seem anomalous that plaintiff can recover emotional distress damages for negligent conduct without having to prove that the conduct was extreme and outrageous.  See Carrol v. Allstate Ins. Co., 262 Conn. 433, 451-52 (2003) (Borden, J., concurring).  However, the Connecticut Supreme Court has ruled that an employer has a legal duty to exercise reasonable care in the termination process.  See Perodeau, 259 Conn. at 765-70.

d.   Compelled Self-Defamation

The Connecticut Supreme Court recently held that state law provides no cause of action for compelled self-defamation in the context of employment actions. See Cweklinsky v. Mobil Chem. Co., 267 Conn. 210, 212 (2004). Plaintiff has conceded that his self-defamation claim would be controlled by the ruling in Cwelinsky. The claim is therefore dismissed.

III. Conclusion

The motion to dismiss is granted with respect to the claims for intentional infliction of emotional distress and compelled self-defamation. The motion is denied with respect to the claims for breach of implied contract and negligent infliction of emotional distress.

So Ordered.

Dated at Hartford, Connecticut this 10th day of February 2004.

Robert N. Chatigny
United States District Judge