UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
GERALD MULKIN,                          : DOCKET NO. 3: 03 CV 901 (RNC)
                                        :
                    Plaintiff,          :
                                        :
  -against-                             :
                                        :
ANIXTER, INC.,                          :
                                        :
                    Defendant.          :
                                        :
                                        : FEBRUARY 19, 2004
---------------------------------------------------------------x

## SECOND JOINT STATUS REPORT

The Plaintiff, Gerald Mulkin ("Plaintiff"), and the Defendant, Anixter, Inc. ("Defendant"), by and through their counsel, jointly submit this second Joint Status Report pursuant to the Court's order dated August 27, 2003 and Federal Rule of Civil Procedure 16(c).

1. The formulation and simplification of the issues, including the elimination of frivolous claims or defenses.

RESPONSE:

Plaintiff voluntarily withdrew Count Three. On or about February 10, 2004, the Court granted in part and denied in part Defendant's motion to dismiss, dismissing Counts Five and Six.

2. The necessity or desirability of amendments to the pleadings.

RESPONSE:

At this time, neither party anticipates the need to amend the pleadings. However, Plaintiff reserves the right to amend the pleadings in response to Defendant's answer or ongoing discovery. Similarly, Defendant reserves the right to seek to join additional parties and to amend

71218745_1.DOC

any answer to the complaint in response to any amendments by Plaintiff or based upon information learned through discovery.

3. The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence.

RESPONSE: At this time, it is too early to ascertain the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence. However, as discovery progresses, the parties will endeavor to cooperate to obtain admissions of fact and of documents.

4. The avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence.

RESPONSE: At this time, it is too early to ascertain the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence. However, as discovery progresses, the parties will endeavor to cooperate to avoid unnecessary proof and of cumulative evidence.

5. The appropriateness and timing of summary adjudication under Rule 56.

RESPONSE: At this time, it is too early to ascertain whether summary adjudication under Rule 56 is appropriate. However, if Defendant determines summary adjudication is appropriate on some or all of Plaintiff's claims, it intends to file a motion for summary judgment. Defendant will request a prefiling conference before filing a dispositive motion, as is required pursuant to the Scheduling Order. Currently, Defendant must request a prefiling conference by March 1, 2004. The Plaintiff's deposition has been noticed for March 4, 2004. Defendant anticipates seeking a ten (10) day extension of time to request a prefiling conference before filing

a dispositive motion so that it has an opportunity to evaluate the Plaintiff's testimony to ascertain whether it intends to file a dispositive motion.

6.  The control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 29 through 37.

RESPONSE:  All discovery, including all discovery relating to expert witnesses, must be completed (not propounded) by April 15, 2004.  Defendant issued its first set of discovery requests on or about December 3, 2003.  Plaintiff has provided responses to the first set of discovery.  Plaintiff's deposition was scheduled for January 8, 2004.  However, due to discovery issues between the parties, the deposition was postponed.  Plaintiff's deposition has been re-noticed for March 4, 2004.

7.  The identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial.

RESPONSE:  At this time, it is too early to identify witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial.

8.  The advisability of referring matters to a magistrate judge or master.

RESPONSE:  At this time, it is too early to ascertain the advisability of referring matters to a magistrate judge or master.

9.  Settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule.

RESPONSE:  At this time, it is too early to ascertain the possibility of settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule. The parties have discussed settlement and believe that a settlement conference would be most productive after the parties have engaged in some discovery.

10. The form and substance of the pretrial order.

RESPONSE: At this time, it is too early to ascertain the form and substance of the pretrial order.

11. The disposition of pending motions.

RESPONSE: At this time there are no pending motions.

12. The need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.

RESPONSE: At this time, it is too early to ascertain the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.

13. An order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case.

RESPONSE: At this time, it is too early to ascertain whether an order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case is necessary.

14. An order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c).

RESPONSE: At this time, it is too early to ascertain whether an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c) is necessary.

      15.    An order establishing a reasonable limit on the time allowed for presenting evidence.

      RESPONSE:  At this time, it is too early to ascertain whether an order establishing a reasonable limit on the time allowed for presenting evidence is necessary.

      16.    Such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.

      RESPONSE:  At this time, it is too early to ascertain what such matters may facilitate the just, speedy, and inexpensive disposition of the action.

Respectfully submitted,

| COUNSEL FOR PLAINTIFF, | COUNSEL FOR DEFENDANT, |
| --- | --- |
| Gerald Mulkin | Anixter, Inc. |

By:  Igor I. Sikorsky, Jr. (ct 04233)
P.O. Box 38
Unionville, CT 06085
Telephone No. (860) 675-5313
Facsimile No. (860) 675-7104
His Attorney

By:  Kenneth W. Gage (ct 12965)
Melissa L. Bellavia (ct 22319)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
Telephone No. (203) 977-7300
Facsimile No. (203) 977-7301
kwgage@dbh.com
mlbellavia@dbh.com
Its Attorneys