UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
GERALD MULKIN,                                : DOCKET NO. 3: 03 CV 901 (RNC)
                                              :
                Plaintiff,           :
                                              :
  -against-                                  :
                                              :
ANIXTER, INC.,                                :
                                              :
                Defendant.           :
                                              :
                                              : FEBRUARY 26, 2004
---------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Anixter, Inc. ("Anixter"), by its attorneys hereby responds to the Complaint in the above-captioned matter, dated May 8, 2003, as follows:

      1.     Anixter admits that Plaintiff purports to bring this action pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. Except as specifically admitted, the allegations of paragraph 1 are denied.

      2.     Anixter admits that Plaintiff purports to invoke the jurisdiction of this court to secure protection of and redress deprivation of rights secured by federal and state laws. Except as specifically admitted, the allegations of paragraph 2 are denied.

      3.     Anixter lacks knowledge or information sufficient to form a belief as to Plaintiff's residence and therefore leaves Plaintiff to his proof. Anixter admits that it does business within the District of Connecticut. Except as specifically admitted, the allegations of paragraph 3 are denied.

## FACTUAL ALLEGATIONS

4. Anixter admits that Plaintiff filed a complaint with the Connecticut Commission on Human Rights and the Equal Employment Opportunity Commission. Except as specifically admitted, the allegations of paragraph 4 are denied.

5. Anixter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore leaves Plaintiff to his proof.

6. Anixter admits that until April 2003 its corporate headquarters were located at 4711 Golf Road, Skokie, Illinois 60076. Except as specifically stated, the allegations of paragraph 6 are admitted.

7. Anixter admits that at the time Mulkin's employment was terminated, it employed more than 20 employees. Except as specifically admitted, the allegations of paragraph 7 are denied.

8. Anixter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore leaves Plaintiff to his proof.

9. Anixter admits that it bought Pacer in June 1998. Except as specifically admitted, Anixter lacks knowledge of or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore leaves Plaintiff to his proof.

10. Anixter admits that Plaintiff was hired as an outside salesman for Pacer and subsequently for Anixter. Except as specifically admitted, the allegations of paragraph 10 are denied.

11. Anixter admits that in compensation for his services, Plaintiff was given, among other things not alleged, a base salary, commissions on sales achieved, a car allowance and medical insurance. Except as specifically admitted, the allegations of paragraph 11 are denied.

12. Anixter admits that on or about April 27, 2001, an employee of Anixter informed Plaintiff that his employment was terminated. Except as specifically admitted, the allegations of paragraph 12 are denied.

13. Denied.

14. Denied.

15. Anixter lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's date of birth and therefore leaves Plaintiff to his proof. Except as specifically stated, the allegations of paragraph 15 are denied.

16. Denied.

17. Denied.

18. Denied.

19. Anixter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore leaves Plaintiff to his proof.

20. Denied.

21. Denied.

22. Denied.

23. Anixter lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged efforts to mitigate his damages and therefore leaves Plaintiff to his proof. Except as specifically stated, the allegations of paragraph 23 are denied.

24. Denied.

## FIRST COUNT

1-24. Anixter repeats and realleges its responses to paragraphs 1-24 of the introductory portion of this Answer as if fully set forth herein.

25. Denied.

## SECOND COUNT

1-24. Anixter repeats and realleges its responses to paragraphs 1-24 of the introductory portion of this Answer as if fully set forth herein.

25. Denied.

## THIRD COUNT

Anixter makes no answer to this count as it has been voluntarily withdrawn by the Plaintiff by letter dated August 11, 2003 from Plaintiff's lawyer, Igor Sikorsky, Esq. (A copy of the letter is attached as Exhibit A to Anixter's motion to dismiss dated September 17, 2003.)

## FOURTH COUNT

Anixter makes no answer to this count as it has been dismissed pursuant to the Court's order dated February 10, 2004 on Anixter's motion to dismiss.

## FIFTH COUNT

1-24. Anixter repeats and realleges its responses to paragraphs 1-24 of the introductory portion of this Answer as if fully set forth herein.

25. Denied.

## SIXTH COUNT

Anixter makes no answer to this count as it has been dismissed pursuant to the Court's order dated February 10, 2004 on Anixter's motion to dismiss.

## SEVENTH COUNT

1-24. Anixter repeats and realleges its responses to paragraphs 1-24 of the introductory portion of this Answer as if fully set forth herein.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims against Anixter upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages.

### THIRD AFFIRMATIVE DEFENSE AS TO COUNT ONE

To the extent that Plaintiff seeks to bring claims not covered by his Charge of Discrimination filed with the Connecticut Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission, such claims are barred by the applicable statute of limitations, and/or by his failure to comply with jurisdictional and/or administrative prerequisites to filing suit, including his failure to exhaust his administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful acts of Anixter, the Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE AS TO COUNT ONE

Plaintiff's employment was terminated for legitimate business reasons.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

                                                   DEFENDANT,
                                                   ANIXTER, INC.


By_____
    Kenneth W. Gage (ct 12965)
    Melissa L. Bellavia (ct 22319)
    Day, Berry & Howard LLP
    One Canterbury Green
    Stamford, CT  06901
    Telephone No. (203) 977-7300
    Facsimile No.  (203) 977-7301
    kwgage@dbh.com
    mlbellavia@dbh.com
    Its Attorneys

**CERTIFICATION**

      THIS IS TO CERTIFY that, on February 26, 2004, a copy of the foregoing was sent via regular first class mail, postage prepaid, to:

Igor I. Sikorsky, Jr.
P.O. Box 38
121 Perry Street
Unionville, CT 06085

                                                                 _____
                                                                  Melissa L. Bellavia